209 P.3d 507 (2009)
In re the PERSONAL RESTRAINT PETITION OF Darnell Keeno CRAWFORD, Petitioner.
No. 37237-1-II.
Court of Appeals of Washington, Division 2.
June 10, 2009.
*509 Jeffrey Erwin Ellis, Ellis Holmes & Witchley PLLC, Seattle, WA, for Petitioner.
Kathleen Proctor, Pierce County Prosecuting Attorney's Office, Tacoma, WA, for Respondent.
BRIDGEWATER, P.J.
¶ 1 The issue before us in this personal restraint petition is whether Darnell Keeno Crawford received ineffective assistance of counsel. We hold that Crawford's counsel's failure to challenge Crawford's non-comparable Kentucky offense was prejudicial ineffective assistance of counsel that led to Crawford's designation as a persistent offender and his related life sentence. We grant his petition, reverse his persistent offender status, and remand for resentencing.

FACTS
¶ 2 On December 26, 2002, Crawford stole a portable music player from a Tacoma Best Buy store. State v. Crawford, 159 Wash.2d 86, 89, 147 P.3d 1288 (2006). Crawford showed a handgun to the store employees who attempted to pursue him into the parking lot. Crawford, 159 Wash.2d at 89, 147 P.3d 1288.
¶ 3 The State charged Crawford with first degree robbery and second degree assault. The State calculated Crawford's offender score as five for each count. Crawford, 159 Wash.2d at 90, 147 P.3d 1288. At a January 2003 pretrial conference, the State provided Crawford with a criminal history compilation reflecting only Crawford's Pierce County convictions. Crawford, 159 Wash.2d at 90-91, 147 P.3d 1288. The State offered to recommend a sentence at the low end of the standard range, 57 to 75 months, in exchange for Crawford's guilty plea. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. Crawford did not accept the offer because the most he could potentially face if he lost at trial was 75 months. Crawford, 159 Wash.2d at 91, 147 P.3d 1288.
¶ 4 By February 2003, the State learned of Crawford's Kentucky criminal history and provided Crawford with a new criminal history compilation. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. But, neither party investigated the Kentucky convictions at that time. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. The parties did not engage in further plea negotiations and Crawford proceeded to trial still believing that his standard range was 57 to 75 months. Crawford, 159 Wash.2d at 91, 147 P.3d 1288.
¶ 5 A jury found Crawford guilty on both counts. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. Several weeks after trial, the State thoroughly reviewed Crawford's Kentucky sex abuse conviction and determined it qualified as a strike offense, equivalent to the Washington crime of first degree child molestation. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. The State then informed Crawford that because he had two previous strikes, he was subject to a mandatory minimum sentence under the Persistent Offender Accountability Act (POAA), RCW 9.94A.570. Crawford, 159 Wash.2d at 91, 147 P.3d 1288.
¶ 6 Crawford retained new counsel and filed a post-trial motion, asking the trial court to dismiss or alternatively, for a new trial. Crawford, 159 Wash.2d at 91, 147 P.3d 1288. At the hearing, Crawford testified that had he known before trial that he faced a life sentence, he would have accepted the State's offer. Crawford, 159 Wash.2d at 91-92, 147 P.3d 1288. His trial counsel testified that she assumed that Crawford's Kentucky sex abuse conviction was a misdemeanor because the State had not provided notice of his persistent offender status. Crawford, 159 Wash.2d at 92, 147 P.3d 1288. A mitigation specialist testified that had she known that Crawford potentially faced a third strike, she *510 would have prepared a mitigation package. Crawford, 159 Wash.2d at 92, 147 P.3d 1288. The specialist presented testimony that the State had accepted mitigation packages in the 12 other cases for which she prepared them for cases where individuals faced potential third strikes. Crawford, 159 Wash.2d at 92, 147 P.3d 1288. The trial court denied Crawford's motion and, based on Crawford's previous criminal convictions, sentenced him to a life sentence without parole under the POAA. Crawford, 159 Wash.2d at 92, 147 P.3d 1288.
¶ 7 Crawford appealed, contending that due process required the State to provide pretrial notice that he faced a mandatory life sentence and that he received ineffective assistance of counsel when his trial counsel failed to examine his out-of-state conviction and advise him that, if convicted, he faced a life sentence. Crawford, 159 Wash.2d at 89, 147 P.3d 1288. We vacated the trial court's judgment, holding that Crawford was denied procedural due process and that he received ineffective assistance of counsel. State v. Crawford, 128 Wash.App. 376, 384-85, 115 P.3d 387 (2005), overruled by Crawford, 159 Wash.2d at 89, 147 P.3d 1288.
¶ 8 Our Supreme Court reversed our decision and reinstated Crawford's persistent offender status, holding that due process did not require pretrial notice of persistent offender status. Crawford, 159 Wash.2d at 102-03, 147 P.3d 1288. The Crawford court further held that although Crawford established that trial counsel's performance was deficient, Crawford failed to establish prejudice. Crawford, 159 Wash.2d at 102-03, 147 P.3d 1288.
¶ 9 Crawford now collaterally attacks his persistent offender status and his life sentence without parole.

ANALYSIS

STANDARD OF REVIEW
¶ 10 Crawford's timely collateral attack involves the question of constitutionally guaranteed effective assistance of counsel. A criminal defendant has the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prove ineffective assistance, a defendant must show: (1) that defense counsel's representation was deficient, that it fell below an objective standard of reasonableness based on consideration of all of the circumstances; and (2) that defense counsel's deficient representation prejudiced the defendant, that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have differed. State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995). The defendant must establish both deficient representation and prejudice to prevail. Crawford, 159 Wash.2d at 97, 147 P.3d 1288. We are highly deferential to counsel's performance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.

COMPARABILITY
¶ 11 Because Crawford's challenge involves an allegation that he received ineffective assistance of counsel, Crawford must establish prejudice by showing that the legal grounds for a comparability challenge were meritorious, i.e., that his Kentucky conviction is not comparable to any Washington crime. See Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). He must also show that the sentence would have differed had his counsel objected. See Kimmelman, 477 U.S. at 375, 106 S.Ct. 2574.
¶ 12 Crawford contends that his replacement counsel provided ineffective assistance by failing to challenge the comparability of his Kentucky sex abuse conviction. Where a defendant's criminal history includes out-of-state convictions, the Sentencing Reform Act, chapter 9.94A RCW, requires the sentencing court to classify these convictions "according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3).
¶ 13 To properly classify an out-of-state conviction according to Washington law, the sentencing court must compare the elements of the out-of-state offense with the elements of potentially comparable Washington crimes. State v. Morley, 134 Wash.2d 588, 605, 952 P.2d 167 (1998). The trial court *511 compares the elements of the out-of-state crime with the elements of the Washington crime as defined on the date the out-of-state crime was committed. Morley, 134 Wash.2d at 606, 952 P.2d 167. If the elements of the foreign conviction are comparable to the elements of a Washington strike offense on their face, the foreign conviction counts as a strike in the defendant's Washington offender score. In re Pers. Restraint of Lavery, 154 Wash.2d 249, 255, 111 P.3d 837 (2005). This is known as legal comparability. Lavery, 154 Wash.2d at 255, 111 P.3d 837.
¶ 14 In cases where the elements of the Washington crime and the foreign crime are not identical, or if the foreign statute is broader than the Washington definition of the comparable crime, sentencing courts may look to the defendant's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable Washington statute. Morley, 134 Wash.2d at 606, 952 P.2d 167. But the elements of the charged crime remain the cornerstone of the comparison and "[f]acts or allegations contained in the record, if not directly related to the elements of the charged crime, may not have been sufficiently proven in the trial." Morley, 134 Wash.2d at 606, 952 P.2d 167. "Where the foreign statute is broader than Washington's, [the factual] examination may not be possible because there may have been no incentive for the accused to have attempted to prove that he did not commit the narrower offense." Lavery, 154 Wash.2d at 257, 111 P.3d 837; see also State v. Ortega, 120 Wash.App. 165, 84 P.3d 935 (2004), review granted in part and remanded, 154 Wash.2d 1031, 119 P.3d 852 (2005). This is known as factual comparability. Lavery, 154 Wash.2d at 255, 256, 111 P.3d 837. We address both legal and factual comparability because we hold that Crawford's Kentucky crime is not legally comparable to Washington's first degree child molestation.

LEGAL COMPARABILITY
¶ 15 Crawford has a previous conviction for sex abuse I from Jefferson County, Kentucky, dated September 1993. Several Kentucky statutes in effect in 1993, are relevant to the trial court's comparability assessment with Washington's crime of first degree child molestation. The Kentucky Revised Statute (KRS) 510.110 defined sex abuse I as follows:
¶ 16 Sexual abuse in the first degree
(1) A person is guilty of sexual abuse in the first degree when:
(a) He subjects another person to sexual contact by forcible compulsion; or
(b) He subjects another person to sexual contact who is incapable of consent because he:
1. Is physically helpless; or
2. Is less than twelve (12) years old.
(2) Sexual abuse in the first degree is a Class D felony.
Former KRS 510.110 (1993); State's Response to PRP app. G attach. A.
¶ 17 KRS 510.010 defines "sexual contact" as follows:
The following definitions apply in this chapter unless the context otherwise requires:
...
(7) "Sexual contact" means any touching of the sexual or other intimate parts of a person, done for the purpose of gratifying the sexual desire of either party.
Former KRS 510.010 (1993); State's Response to PRP app. G attach. B.
¶ 18 Kentucky breaks its felonies into five classes: (1) capital offenses; (2) class A felonies; (3) class B felonies; (4) class C felonies; and (5) class D felonies. KRS 532.010. A felony in Kentucky is defined as "an offense for which a sentence to a term of imprisonment of at least one (1) year in the custody of the Department of Corrections may be imposed." KRS 500.080, app. G attach. D. KRS 532.020 ("Designation of offenses") provides as follows:
(1) Any offense defined outside this code for which a law outside this code provides a sentence to a term of imprisonment in the state penitentiary or reformatory for:
(a) At least one (1) but not more than five (5) years shall be deemed a Class D felony;

*512 (b) At least five (5) but not more than ten (10) years shall be deemed a Class C felony;
(c) At least ten (10) but not more than twenty (20) years shall be deemed a Class B felony;
(d) For twenty (20) or more years shall be deemed a Class A felony.
KRS 532.020; app. G attach. E.
¶ 19 The alleged comparable crime in Washington is first degree child molestation, which former RCW 9A.44.083 (1990) defined as follows:
(1) A person is guilty of child molestation in the first degree when the person has sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.
(2) Child molestation in the first degree is a class A felony.
Former RCW 9A.44.083.
¶ 20 RCW 9.44.010, as it read in 1993, defined "sexual contact" as follows:
(2) "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.
Former RCW 9A.44.010 (1993).
¶ 21 Unless the Kentucky offense was under KRS 510.110(1)(a) relating to forcible compulsion, both the Washington and Kentucky statutes require sexual contact with another person who is less than 12 years old. Both states define "sexual contact" in the same way. The Washington statute adds two elements not contained in the Kentucky statute: that the victim not be married to the perpetrator and that the perpetrator is at least 36 months older than the victim. Accordingly, the Kentucky and Washington statutes are not facially identical.
¶ 22 Based on the two additional elements that former RCW 9A.44.083 requires we hold that Crawford's Kentucky conviction is not legally comparable, to Washington's first degree child molestation offense.

FACTUAL COMPARABILITY
¶ 23 Because the Washington crime requires two additional elements, the sentencing court was entitled to look to the Crawford's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable Washington statute. Morley, 134 Wash.2d at 606, 952 P.2d 167. But as the Morley court warned, "[f]acts or allegations contained in the record, if not directly related to the elements of the charged crime, may not have been sufficiently proven in the trial." Morley, 134 Wash.2d at 606, 952 P.2d 167. Further, "[a]ny attempt to examine the underlying facts of a foreign conviction, facts that were neither admitted or stipulated to, nor proved to the finder of fact beyond a reasonable doubt in the foreign conviction, proves problematic." Lavery, 154 Wash.2d at 258, 111 P.3d 837. Here they were not.
¶ 24 The state of Kentucky alleged in Crawford's sex abuse I charging document that between December 16, and December 20, 1991, Crawford subjected the victim, a person less than 12 years of age, to sexual contact. The state of Kentucky's plea offer states that, "B/W Dec. 16 and Dec. 20, 1991 [Crawford] digitally penetrated the vagina of his 7 year old neice [sic] in Jeff. Co. Ky." State's Response to PRP app. G attach. G. Crawford pleaded guilty, indicating that a jury would likely find him guilty of digitally penetrating his seven-year-old niece in 1991. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
¶ 25 Here, Crawford did not admit in his Kentucky plea agreement that he was more than 36 months older than the victim or that he was not married to her. The Kentucky indictment and information are silent on the matter. The only way that the State allegedly proved Crawford's age and marital status came from statements in this case or from mathematic deduction or speculation. The State identified Crawford's date of birth, which was not listed any place on his Kentucky documents, as January 16, 1966, and then determined that in 1991, Crawford would have been 25 years old, easily more than 36 months older than his niece. The *513 State contended that it was unaware of any jurisdiction in the United States that would allow a legal marriage between a 25-year-old male and a 7-year-old niece, but it acknowledged during oral argument before us that it had not researched or verified this to be true in Kentucky.
¶ 26 We hold that the Kentucky crime is not factually comparable in this case to prove that Crawford's conduct would have violated former RCW 9A.44.083.
¶ 27 If a previous foreign conviction is not legally or factually comparable, the conviction does not count as a strike under the POAA. Lavery, 154 Wash.2d at 258, 111 P.3d 837. Accordingly, we hold that Crawford's counsel was deficient and such deficiency actually prejudiced Crawford by failing to negate his third strike. Crawford, 159 Wash.2d at 97, 147 P.3d 1288.
¶ 28 We grant Crawford's petition, reverse Crawford's persistent offender status based on ineffective assistance of counsel, and remand for resentencing, treating the Kentucky conviction as a non-strike offense.
I concur: ARMSTRONG, J.
PENOYAR, A.C.J.
¶ 29 I respectfully dissent. My fundamental disagreement with the majority is that it bases the conclusion that Crawford's trial counsel was ineffective on what was preserved in the record and does not consider what non-record information Crawford's trial counsel had when deciding whether to contest the comparability of Crawford's Kentucky offense. In some cases, it is possible to evaluate counsel's effectiveness just from the record, as where the attorney offers a defective jury instruction. In other cases, such as a decision not to offer some available witness, the decision may have been controlled by something entirely outside of the record. For example, defense counsel may know of the witnesses' extensive criminal record or conflicting statements so that it is eminently sensible to not offer the witness. Here, the decision not to contest the comparability of the Kentucky conviction may well have been controlled by counsel's knowledge of other information available to the prosecutor that would have made contesting comparability fruitless. To me, Crawford has not carried his burden of showing that his counsel was ineffective.
¶ 30 Our inquiry is into the possible ineffective assistance of Crawford's counsel. Crawford argues that his counsel was ineffective for not contesting the comparability of Crawford's Kentucky Sex Abuse I conviction to the Washington crime of first degree child molestation. Whether additional information from the Kentucky criminal file could more clearly demonstrate comparability is unknown. In a similar case heard on appeal, State v. Thiefault, the Washington Supreme Court held that where it was equally likely that further documentation would or would not aid in determining comparability, remand was the appropriate remedy. 160 Wash.2d 409, 158 P.3d 580 (2007). However, in the context of a Personal Restraint Petition "equally likely" is not the standard, rather Crawford has the burden to show prejudice from counsel's deficient representation.
¶ 31 While the record does not disclose that defense counsel turned over every stone on the comparability issue, neither does it demonstrate deficient representation. There is a strong presumption that counsel has rendered adequate assistance and exercised reasonable professional judgment in representing the defendant. State v. Benn, 120 Wash.2d 631, 665, 845 P.2d 289 (1993). Here, Crawford's counsel may well have been aware of other documents available to address the alleged comparability gaps.[1]
¶ 32 The question is not whether the record demonstrated comparability, which was a question for direct appeal, not a personal restraint petition. Rather, the question here is whether the record shows that counsel was ineffective in addressing comparability at *514 sentencing. On that issue, Crawford has failed to carry his burden by showing only possibilities, not probabilities. His petition fails.
¶ 33 I join the majority on all other issues.
NOTES
[1] The only "gaps" are the age difference between Crawford and his victim and whether Crawford was married to the victim. In his plea statement Crawford admits that his victim was 7 years old. That Crawford was older than 10 would certainly be disclosed by the file, as he was charged as an adult. That he would not legally be married to his 7 year old niece can be determined by reference to state law.