# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON | No.  52646-8-II |
| Respondent, | (consolidated with No. 52653-1-II) |
| v. | |
| DAVID MICHAEL GARDNER, | UNPUBLISHED OPINION |
| AKA<br>   DAVID M. GARDNER<br>   DAVID MICHAEL GARDNER<br>   DAVID M GARDNER<br>   DAVID MICHAEL MILLER<br>   DAVID MICHAEL GARDNER | |
| Appellant. | |

CRUSER, J. — David M. Gardner appeals his sentences for taking a motor vehicle without permission and possession of a controlled substance, heroin.  Gardner argues that the trial court improperly imposed (1) community custody as a part of his sentence for taking a motor vehicle, (2) a drug evaluation and drug treatment as a condition of his sentence for taking a motor vehicle, and (3) an unconstitutionally vague community custody condition as a condition of his sentence for possession of a controlled substance.

We hold that (1) the trial court lacked authority to order community custody as a part of Gardner's sentence for taking a motor vehicle, (2) the trial court lacked authority to order a drug evaluation and drug treatment as a condition of Gardner's sentence for taking a motor vehicle, and (3) the trial court did not impose an unconstitutionally vague community custody condition as a

condition to Gardner's sentence for possession of a controlled substance. Accordingly, we affirm in part, reverse in part, and remand.

FACTS

On April 13, 2018, Gardner was charged with possession of a controlled substance, heroin. On July 25, 2018, Gardner was charged with second degree taking a motor vehicle without permission.

Gardner pleaded guilty to both charges. The trial court sentenced Gardner to 20 days for the motor vehicle offense and 33 days for the controlled substance offense and ordered the sentences to run concurrently. The court also imposed 12 months community custody as part of his sentence for each offense. As a condition of community custody for each offense, the court ordered Gardner to "[r]efrain from associating with drug users or drug sellers" as well as to participate in a chemical dependency evaluation and in chemical dependency treatment. Clerk's Papers (CP) at 26, 28, 57, 61.

Gardner appealed his sentences to this court. While his appeal was pending, the State moved to correct Gardner's judgment and sentence for the motor vehicle offense. The State moved to strike the term of community custody and the conditions associated with the term of community custody imposed as part of Gardner's sentence. Specifically, the State moved to strike section 4.6 and section 4.8 from Gardner's judgment and sentence. Section 4.6 ordered Gardner to 12 months of community custody and imposed the condition that Gardner remain in a prescribed geographic area, notify the community corrections officer (CCO) of any changes in his address or employment, and comply with any conditions "per CCO[.]" CP at 24. Gardner's judgment and sentence does not, however, contain a section 4.8.

In response to the State's motion, the court ordered that section 4.8 be stricken from Gardner's judgment and sentence for the motor vehicle offense and that all other terms and conditions of his sentence remain in full effect. The court's order made no mention of section 4.6.

## DISCUSSION

### I. TERM OF COMMUNITY CUSTODY

Gardner argues that the trial court improperly imposed community custody as a part of his sentence for the motor vehicle offense. The State contends that Gardner's assignment of error is moot because the trial court already addressed this error by removing the term of community custody from Gardner's judgment and sentence, therefore this court should not address Gardner's argument. We agree with Gardner.

An assignment of error is rendered moot if there is no remedy that a court can provide. *State v. Calhoun*, 163 Wn. App. 153, 168, 257 P.3d 693 (2011). The State contends that Gardner's argument is moot because the trial court removed the term of community custody from Gardner's judgment and sentence when his appeal was pending. However, the record on appeal does not reflect that the trial court removed the term of community custody from Gardner's judgment and sentence. Although it appears that the trial court intended to remove the term of community custody, the trial court's order did not strike the section that imposed community custody from his judgment and sentence, section 4.6. Instead, the court ordered section 4.8 to be stricken and ordered all other terms and conditions of Gardner's judgment and sentence to remain in full effect. As noted above, the judgment and sentence does not contain a section 4.8.

Therefore, the term of community custody remains as a part of Gardner's sentence, and Gardner's assignment of error is not moot.

3

RCW 9.94A.702(1) limits the trial court's authority to impose community custody. Under this statute, a court may impose a term of community custody for offenders sentenced to confinement of one year or less if the offender is convicted of a sex offense, a violence offense, a crime against a person under RCW 9.94A.411, a felony violation of chapters 69.50 or 69.52 RCW, or a felony violation of RCW 9A.44.132(1). RCW 9.94A.702(1).

Here, Gardner was sentenced to 20 days confinement for taking a motor vehicle without permission pursuant to RCW 9A.56.075(1). Because Gardner's sentence was for less than one year and the offense of taking a motor vehicle without permission is not one of the offenses specified under RCW 9.94A.702(1), the trial court did not have authority to impose a term of community custody for this offense.

Accordingly, we hold that the trial court improperly imposed a term of community custody as a condition to Gardner's sentence for the motor vehicle offense.

## II. CHEMICAL DEPENDENCY

Gardner argues that the trial court improperly ordered Gardner to participate in a chemical dependency evaluation and in chemical dependency treatment as a condition of his sentence for the motor vehicle offense because it is unauthorized by RCW 9.94A.607. The State concedes this error. We accept the State's concession.

As a condition to an offender's sentence, the trial court has authority to order an offender to obtain a chemical dependency evaluation and to comply with recommended treatment. RCW 9.94A.607(1); *State v. Warnock*, 174 Wn. App. 608, 612, 299 P.3d 1173 (2013). However, RCW 9.94A.607(2) limits the court's authority to order these conditions as a part of a sentence. Under subsection 2, a court cannot impose these conditions on offenders who are not subject to a term of

community custody. RCW 9.94A.607(2); *In re Postsentence Review of Childers*, 135 Wn. App. 37, 41, 143 P.3d 831 (2006).

Here, because Gardner is no longer subject to a term of community custody as a part of his sentence for the motor vehicle offense, the trial court did not have authority to order Gardner to obtain a chemical dependency evaluation and to comply with recommended treatment pursuant to RCW 9.94A.607(2). Therefore, we agree with the parties that the trial court erred by imposing these conditions.

### III. COMMUNITY CUSTODY CONDITIONS

Gardner argues that the condition that he "[r]efrain from associating with drug users or drug sellers" (CP at 61) imposed as a part of his sentence for possession of a controlled substance is unconstitutionally vague because the condition (1) is not limited to "known" drug users or sellers and (2) conflicts with the court-ordered condition that Gardner participate in chemical dependency treatment. Br. of Appellant at 5, 8. We disagree.

The trial court does not have authority to impose a community custody condition unless it is authorized by statute. *State v. Houck*, 9 Wn. App. 2d 636, 646, 446 P.3d 646 (2019), *review denied*, 194 Wn.2d 1024 (2020). When authorized by statute, we review the court's decision to impose the condition for an abuse of discretion. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). An abuse of discretion occurs when the trial court's imposition of a condition is manifestly unreasonable. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). The "imposition of an unconstitutional condition is manifestly unreasonable." *Id*.

The due process vagueness doctrine requires fair warning of proscribed conduct. U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3; *State v. Bahl*, 164 Wn.2d 739, 752, 193 P.3d

678 (2008). A community custody condition that does not provide fair warning is unconstitutionally vague. *Bahl*, 164 Wn.2d at 752-53. A community custody condition does not provide fair warning "if (1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). We do not presume a community custody condition is constitutional. *State v. Sanchez Valencia*, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010).

A condition is not vague merely because a person cannot predict with complete certainty the exact point at which an action would be classified as prohibited conduct. *Id*. All that is required is that a person of ordinary intelligence understand what behavior the condition forbids given the context in which the terms are used. *In re Pers. Restraint of Brettell*, 6 Wn. App. 2d 161, 168, 430 P.3d 677 (2018).

A. KNOWN USERS OR SELLERS

Gardner argues that the condition that he "[r]efrain from associating with drug users or drug sellers" (CP at 61) is subject to arbitrary enforcement because it is not limited to "known" drug users or sellers. Br. of Appellant at 5, 8. We disagree.

We have recently rejected vagueness challenges to community custody conditions that prohibit association with a known group of individuals. *Houck*, 9 Wn. App. 2d at 645 (condition prohibiting association with known drug users and sellers); *Brettell*, 6 Wn. App. 2d at 169 (condition prohibiting association with "'known users or sellers of illegal drugs'").

Both *Houck* and *Brettell* relied on *United States v. Vega*, 545 F.3d 743, 749 (9th Cir. 2008), where the Ninth Circuit rejected a vagueness challenge to a condition that prohibited an offender

from associating "'with any member of any criminal street gang.'" *Houck*, 9 Wn. App. 2d at 644; *Brettell*, 6 Wn. App. 2d at 170. The condition in *Vega* was not limited to known members. Vega argued that he might face penalties for unknowingly violating the condition by associating with someone whom he did not know to be a street gang member. *Vega*, 545 F.3d at 750. The *Vega* court applied the presumption that prohibited criminal acts require a mens rea element. *Id*. Thus, the court read the condition to prohibit *knowing* association with members of a criminal street gang and held that the condition was not impermissibly vague. *Id*.

*Vega* is supported by *State v. Llamas-Villa*, 67 Wn. App. 448, 455-56, 836 P.2d 239 (1992), where this court held that the condition that an offender not associate with persons using, possessing, or dealing with controlled substances was not unconstitutionally vague. Llamas-Villa argued that the provision was vague because it did not limit his liability only to situations involving people he *knew* were engaging in the prohibited activities. *Id*. at 455. This court disagreed, reasoning that if Llamas-Villa was "arrested for violating the condition, he will have an opportunity to assert that he was not aware that the individuals with whom he had associated were using, possessing, or dealing drugs." *Id*. at 455-56.

We agree with the rationale set forth in *Vega* and *Llamas-Villa*. Although the condition could be improved by expressly prohibiting knowing association, we construe the condition to be "consistent with well-established jurisprudence under which we presume prohibited criminal acts require an element of *mens rea*." *Vega*, 545 F.3d at 750. When applying the presumption and reading the language of the condition in context, an ordinary person can understand what is prohibited. Further, any imprecision is not likely to expose Gardner to arrest, but if it does, he can

explain that his association was unknowing. RCW 9.94A.737; WAC 137-104-050; *Llamas-Villa*, 67 Wn. App. at 456.

Applying this presumption, we hold that the condition imposed is not subject to arbitrary enforcement and is therefore not unconstitutionally vague.

B. CONFLICTING CONDITIONS

Gardner concludes the argument section of his brief by stating that the condition that he "[r]efrain from associating with drug users or drug sellers" conflicts with the court-ordered condition that he participate in chemical dependency treatment as a part of his sentence for the controlled substance offense. Br. of Appellant at 8; CP at 61. Gardner does not provide any argument, namely whether the alleged conflict makes the condition unconstitutionally vague. We disagree.

Community custody conditions "may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal." *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991). A condition that prohibits association with drug users or sellers does not include incidental or inadvertent contacts with drug users or sellers. *Vega*, 545 F.3d at 749.

We disagree that the condition forbidding Gardner's association with drugs users and sellers is incompatible with the condition that Gardner participate in chemical dependency treatment. Gardner's participation in treatment alone would not constitute association with drug users and sellers. Participants of court-ordered chemical dependency treatment as a condition to a criminal sentence are presumably past drug users, not current drug users. Because the plain meaning of condition prohibits association with "drug users" in the present tense, Gardner would

not be in violation of the condition by engaging in treatment related activities with other past drug users. CP at 61. Further, any inadvertent contact Gardner may have with a current drug user that is participating in drug treatment would not constitute association with that person. *Vega*, 545 F.3d at 749.

The condition that Gardner "[r]efrain from associating with drug users or drug sellers" and participate in drug treatment are not incompatible because Gardner can simultaneously comply with both conditions. Accordingly, we hold that the trial court properly imposed the conditions.

CONCLUSION

We hold that the trial court improperly imposed a term of community custody as a part of Gardner's sentence for taking a motor vehicle without permission and therefore abused its discretion when it ordered Gardner to obtain a chemical dependency evaluation and to comply with recommended treatment as part of his sentence for the motor vehicle offense. We also hold that the court did not abuse its discretion when it ordered Gardner to "[r]efrain from associating with drug users" as a community custody condition imposed as a part of Gardner's sentence for

possession of a controlled substance. Thus, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MAXA, P.J.

GLASGOW, J.