## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54222-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| BRADLEY WAYNE HAMRICK, | |
| Appellant. | |

MAXA, J. – Bradley Hamrick appeals his conviction of unlawful possession of a controlled substance, methamphetamine. After he filed his notice of appeal, the Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). In *Blake*, the court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 195. Hamrick filed a motion to reverse and remand in light of *Blake.* The State responded that the trial court had already vacated the conviction at the State's request. The matter was then stayed by this court until *Blake* mandated. *Blake* mandated on April 21, 2021. This court then set the matter on the docket.

As a result of the Supreme Court's holding in *Blake*, any conviction based on RCW 69.50.4013(1) is invalid and anyone who has been convicted under that statute is entitled to have their conviction vacated. *State v. LaBounty*, 17 Wn. App. 2d 576, 581, 487 P.3d 221 (2021).

No. 54222-6-II

Therefore, the trial court properly vacated Hamrick's conviction for unlawful possession of a controlled substance.

Because there is no further relief we can provide, this matter is now moot. *State v. Ingram*, 9 Wn. App. 2d 482, 490, 447 P.3d 192 (2019), *review denied¸* 194 Wn.2d 1024 (2020). The proper recourse in this circumstance is to dismiss the appeal. *See State v. Calhoun*, 163 Wn. App. 153, 168, 257 P.3d 693 (2011).

We dismiss Hamrick's appeal as moot.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

PRICE, J.