75 P.3d 589 (2003)
118 Wash.App. 128
STATE of Washington, Respondent,
v.
William Henry AMELINE, Appellant.
No. 27995-9-II.
Court of Appeals of Washington, Division 2.
August 26, 2003.
*590 Clayton Richard Dickinson, Attorney at Law, Fircrest, WA, for Appellant.
Kathleen Proctor, Deputy Pros. Atty., Pierce County Prosecuting Atty Ofc, Tacoma, WA, for Respondent.
MORGAN, J.
William Henry Ameline has had three trials and three sentencings before the same judge. His first two sentences were within the standard range, but the third was exceptional. He now claims that the third sentence was (1) vindictive and (2) barred by collateral estoppel. We reverse and remand for resentencing.
On May 18, 1993, Ameline was convicted of second degree murder. The ensuing presentence report recommended an exceptional sentence of 240 months due to deliberate cruelty. The State requested 164 months, the high end of the standard range. The trial court imposed 164 months.
Ameline appealed, and we initially affirmed. On motion for reconsideration, however, Ameline argued for a new trial under State v. LeFaber,[1] then a very recent ruling from the Washington Supreme Court. We agreed and remanded for a new trial.[2]
At his second trial, Ameline again was convicted of second degree murder. At his second sentencing, the prosecutor sought an exceptional sentence of thirty years (360 months) due to deliberate cruelty and victim vulnerability. Stating that Ameline's crime was "pretty much a classical murder-in-the-second-degree situation[,]"[3] the trial court refused an exceptional sentence and again imposed a standard-range sentence of 164 months.
Ameline appealed again. He asserted that the trial court had erred by refusing to instruct on first and second degree manslaughter.[4] We agreed and remanded for another trial.
At his third trial, Ameline again was convicted of second degree murder. At his third sentencing, the prosecutor again requested an exceptional sentence based on deliberate cruelty and victim vulnerability. Now choosing to adopt that recommendation, the trial court imposed an exceptional sentence of 240 months. To support its sentence, the court entered written findings of fact, any of which could as well have been made after the first trial.
Ameline now appeals his third sentence, though not his third conviction.[5] He contends that the third sentence was (1) vindictive and (2) barred by collateral estoppel.

I.
Ameline asserts that the third sentence was presumptively vindictive and that presumption was not rebutted because the trial court did not rely on facts that were unknown at the time of its first two sentences. The State does not contend that the trial court relied on facts that were not known at the time of the first two sentences. The State asserts only that at the third trial and sentencing, it was "more effective at presenting the evidence that challenged the defendant's version of how the victim's injuries had been inflicted[.]"[6]
In North Carolina v. Pearce,[7] the United States Supreme Court asked, "When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon retrial?"[8] The Court held:
A trial judge is not constitutionally precluded... from imposing a new sentence, whether greater or less than the original *591 sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources....[9]
The Court noted, however, that the trial court's authority is subject to the following due process limitation:
It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside....
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.[10]
Thus, Pearce creates "a rebuttable presumption of vindictiveness" when the same trial judge presides over two or more trials and the last sentence is "more severe" than earlier ones.[11]
After Ameline's first trial, the judge declined to adopt the presentence report's recommendation of an exceptional sentence. After Ameline's second trial, the same judge declined to adopt the State's recommendation of an exceptional sentence, expressly characterizing the case as a "classical murder-in-the-second-degree situation."[12] After Ameline's third trial, the same judge imposed an exceptional sentence that was about 50 percent more harsh than the first two standard range sentences, without identifying or relying on facts that it was not aware of when it imposed its first two sentences. These facts generate a rebuttable presumption of vindictiveness under Pearce, the record does not rebut that presumption, and Ameline's third sentence must be set aside.

II.
Although the foregoing is dispositive of this appeal, we will address one more argument that otherwise would be advanced on *592 remand. Relying on State v. Collicott,[13] Ameline claims that the trial court was collaterally estopped from imposing a third sentence more harsh than its first two. We disagree for two reasons. First, Collicott's discussion of collateral estoppel was not subscribed by a majority of the court, and it is not binding.[14] Second, collateral estoppel operates only after a judgment becomes final, and no judgment has yet become final in this case.[15]
In sum, we vacate the third sentence and remand for resentencing before a different judge. Although we do not foreclose that judge from considering an exceptional sentence, he or she may do that only if he or she identifies, relies on, and embodies in written findings, specific and objective facts drawn from the record of the third trial or sentencing and not known when the first and second standard-range sentences were imposed. If the only new fact is that Ameline has again succeeded on appeal, the new sentence may not be more harsh than the first and second ones.
Reversed and remanded for resentencing.
We concur: BRIDGEWATER, J., and HUNT, C.J.
NOTES
[1] 128 Wash.2d 896, 913 P.2d 369 (1996).
[2] See State v. Ameline, No. 17339-5-II (July 25, 1997).
[3] Report of Proceedings (RP) at 562.
[4] See State v. Ameline, No. 24918-9-II, 103 Wash.App. 1055, 2000 WL 1867574 (Dec. 21, 2000).
[5] Accordingly, nothing herein disturbs that conviction.
[6] Br. of Resp't at 5.
[7] 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[8] Pearce, 395 U.S. at 713, 89 S.Ct. 2072.
[9] Pearce, 395 U.S. at 723, 89 S.Ct. 2072 (citation omitted).
[10] Pearce, 395 U.S. at 724-26, 89 S.Ct. 2072 (footnote omitted); see also Alabama v. Smith, 490 U.S. 794, 798-99, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
[11] Smith, 490 U.S. at 802, 109 S.Ct. 2201 ("sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness"); State v. Franklin, 56 Wash.App. 915, 920, 786 P.2d 795 (1989) ("[u]nder Pearce, a more severe sentence establishes a rebuttable presumption of vindictiveness"), review denied, 114 Wash.2d 1004, 788 P.2d 1078 (1990). Pearce is subject to certain limitations, but none that applies here. See, e.g., Smith, 490 U.S. at 801-02, 109 S.Ct. 2201 (Pearce inapplicable when first sentencing followed guilty plea and second sentencing followed trial); Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (Pearce inapplicable when jury imposed first sentence, judge set aside first sentence, and same judge imposed second sentence).
[12] RP at 562.
[13] 118 Wash.2d 649, 827 P.2d 263 (1992).
[14] State v. Harrison, 148 Wash.2d 550, 560, 61 P.3d 1104 (2003).
[15] Harrison, 148 Wash.2d at 561-62, 61 P.3d 1104.