90 P.3d 1092 (2004)
121 Wash.App. 707
STATE of Washington, Respondent,
v.
Allan Wesley PARMELEE, Appellant.
Nos. 51624-8-I, 52072-5-I.
Court of Appeals of Washington, Division 1.
May 24, 2004.
Christopher Gibson, Attorney at Law, Seattle, WA, for Appellant.
Andrea R. Vitalich, King Co. Prosecutors Office, Seattle, WA, for Respondent.

Opinion Published in Part
COLEMAN, J.
A defendant's due process rights are violated if judicial vindictiveness plays a role in resentencing after a successful appeal. To protect against vindictiveness, the United States Supreme Court, in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), held that a rebuttable presumption of vindictiveness arises when a court imposes a more severe sentence after a successful appeal. Subsequent Supreme *1093 Court cases, however, have limited the scope of the presumption. We hold that the presumption of vindictiveness did not arise in this case because (1) a different judge imposed the more severe sentence, (2) the resentencing court exercised its independent sentencing discretion, and (3) the resentencing court gave specific, nonvindictive reasons for imposing the sentence.

FACTS
A jury convicted Allan Parmelee of one count of felony stalking and three counts of misdemeanor violation of a court order. The trial court sentenced him to 12 months for each conviction, running consecutively, for a total sentence of 48 months' imprisonment. Additionally, the trial court imposed a 5-year no-contact order. Parmelee appealed the convictions and sentence.
The Court of Appeals held that two of the convictions for violation of a court order merged into the stalking conviction and remanded the case for resentencing. At resentencing, the trial court, with a different judge presiding, imposed a 48-month sentence for felony stalking and a 12-month sentence for violation of a court order, to run consecutively, totaling 60 months' imprisonment. In imposing the exceptional sentence, the trial court found four aggravating factors: 1) that this was part of an ongoing pattern of abuse and manifested deliberate cruelty to the victim; 2) the crime invaded the victim's zone of privacy; 3) the crime involved a high level of sophistication and planning; and 4) the facts of the case were egregious and the defendant's mental state was particularly culpable. Additionally, the resentencing court imposed a 5-year no-contact order.
Parmelee appeals the second sentence, arguing that the increased sentence was the product of judicial vindictiveness.

ANALYSIS
The first issue we address is whether the presumption of vindictiveness arises when a different judge imposes the more severe sentence and the judge gives valid nonvindictive reasons to support the sentence. In Pearce, 395 U.S. at 726, 89 S.Ct. 2072, the Court addressed the issue of judicial vindictiveness following successful appeals:
In order to assure the absence of such a [vindictive] motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
Courts have interpreted this language to raise a rebuttable presumption of vindictiveness under some circumstances. State v. Franklin, 56 Wash.App. 915, 920, 786 P.2d 795 (1989). "While the Pearce opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness `do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial.'" Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (quoting Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986)). The cases following Pearce have recognized several exceptions and limited its holding.[1] Specifically, the *1094 McCullough court concluded that Pearce did not govern the situation where different judges were involved in sentencing:

Pearce itself apparently involved different judges presiding over the two trials, a fact that has led some courts to conclude by implication that the presumption of vindictiveness applies even where different sentencing judges are involved. That fact, however, may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in Pearce. Clearly the Court did not focus on it as a consideration for its holding. Subsequent opinions have also elucidated the basis for the Pearce presumption. We held in Chaffin v. Stynchcombe, 412 U.S. 17[, 93S.Ct. 1977, 36 L.Ed.2d 714] (1973), for instance, that the presumption derives from the judge's personal stake in the prior conviction, a statement clearly at odds with reading Pearce to answer the two-sentencer issue. We therefore decline to read Pearce as governing this issue.
McCullough, 475 U.S. at 140, 106 S.Ct. 976, n. 3 (internal citations omitted).
Additionally, it is clear from the cases following Pearce that the presumption of vindictiveness applies only where there is a "`reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Smith, 490 U.S. at 799, 109 S.Ct. 2201 (citation omitted). Concerns about judicial vindictiveness arise when the judge fully considers a sentence and renders a decision, and then, after a successful appeal, changes the sentence without explanation. Smith, 490 U.S. at 802, 109 S.Ct. 2201 ("[T]he sentencing judge who presides at both trials can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness."). Without an explanation, it appears that the defendant's successful appeal was the motivation for the increased sentence. Under those circumstances, it is appropriate to apply a presumption of vindictiveness to protect against actual vindictiveness and the chilling effect that perceived vindictiveness may have. The same concerns, however, are not present here because different judges imposed the different sentences. The second judge had yet to consider the sentence and exercise discretion in meting out an appropriate punishment. The second judge did not have a personal stake in the first sentence and therefore did not have a personal motive for vindication.[2] Additionally, "`[i]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a[new] trial than that the [first sentencer] imposed a lenient penalty.'" McCullough, 475 U.S. at 140, 106 S.Ct. 976 (alternations in original) (quoting Colten v. Kentucky, 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972)). Because there is not a reasonable likelihood that actual vindictiveness plays a role in sentencing when a different judge imposes the more severe sentence, the presumption of vindictiveness did not arise here.
Additionally, even if the presumption arose, the aggravating factors cited by the resentencing court are sufficient to rebut the presumption. The court in McCullough concluded: "Here, the second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the sentence. We read Pearce to require no more, particularly since trial judges must be accorded broad discretion in sentencing." McCullough, 475 U.S. at 140, 106 S.Ct. 976. The aggravating factors cited by the resentencing court are sufficient *1095 to provide an "on-the-record, wholly logical, nonvindictive reason" for the exceptional sentence. In State v. Havens, 70 Wash.App. 251, 259, 852 P.2d 1120 (1993), Division Three held that citing valid aggravating factors is sufficient to rebut any presumption of vindictiveness. We find that reasoning persuasive.
Parmelee points to State v. Ameline, 118 Wash.App. 128, 75 P.3d 589 (2003), a Division Two case that applied the Pearce presumption, to argue that the aggravating factors are not sufficient to rebut a presumption of vindictiveness. There, the defendant was tried and sentenced three times by the same judge. The judge sentenced Ameline within the standard range after the first two trials, but following the third trial, the judge imposed an exceptional sentence. This is the typical situation where the presumption of vindictiveness applies because the same judge already exercised sentencing discretion and then changed the sentence without any explanation. The court held that the presumption of vindictiveness applied and remanded the case for resentencing. In ordering the remand, the court stated:
In sum, we vacate the third sentence and remand for resentencing before a different judge. Although we do not foreclose that judge from considering an exceptional sentence, he or she may do that only if he or she identifies, relies on, and embodies in written findings, specific and objective facts drawn from the record of the third trial or sentencing and not known when the first and second standard-range sentences were imposed. If the only new fact is that Ameline has again succeeded on appeal, the new sentence may not be more harsh than the first and second ones.
Ameline, 118 Wash.App. at 134, 75 P.3d 589. This statement is dicta and may be a result of the court's desire to put an end to that particular litigation since, on remand, Ameline would be sentenced for the fourth time. In any event, we do not read Ameline to hold that new facts not known at the previous sentencing must be the basis for the increased sentence in all circumstances. To the extent that the language may imply a broader holding requiring new information to be the basis of any increased sentence, we do not agree. The cases following Pearce have not required this. Additionally, the court in Wasman, in discussing the limits to what evidence a court may rely on to support an increased sentence, noted: "No reason exists for applying a phrase in the Pearce guidelines to circumstances bearing no relation to the purpose of those guidelines." Wasman v. United States, 468 U.S. 559, 572, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). The purpose of the Pearce guidelines is to protect against actual vindictiveness and the chilling effect that may result in situations were actual vindictiveness may arise. Pearce, 395 U.S. at 725, 89 S.Ct. 2072. Preventing a different resentencing court from considering valid aggravating factors bears no relation to this purpose. Therefore, the valid aggravating factors cited by the resentencing judge here are sufficient to rebut any presumption of vindictiveness.
Affirmed.
The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
COX, C.J. and KENNEDY, J., concur.
NOTES
[1] See Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (holding that the presumption of vindictiveness did not apply to a more severe sentence imposed in a two-tier court system, where the defendant was first tried in a court of limited jurisdiction and then appealed for a de novo hearing in the superior court); Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973) (holding that the presumption of vindictiveness did not arise when a jury imposed the more severe sentence); Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) (holding that the presumption of vindictiveness did not apply when there was an intervening criminal conviction that affected the trial court's decision to impose a harsher sentence); McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (holding that the presumption of vindictiveness did not preclude a harsher sentence after the second trial when the judge entered findings justifying the longer sentence); Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (holding that the presumption does not apply when a higher sentence is imposed after a trial on the merits than the previous sentence imposed based on a guilty plea).
[2] Parmelee acknowledges that the resentencing judge did not have a personal basis for vindictive sentencing, but argues that because both judges were members of the King County Superior Court, institutional interests could play a role in vindictive behavior. Courts have recognized that judges are aware of institutional interests in discouraging meritless appeals. Chaffin, 412 U.S. at 27, 93 S.Ct. 1977. The institutional interests alone, however, are not sufficient to raise the presumption of vindictiveness.