Allan PARMELEE, Petitioner—Appellant,

v.

Howard CLARKE, Respondent, and Karen Brunson, Respondent—Appellee.

No. 06–35924.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 19, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Allan Parmelee, Clallam Bay, WA, pro se.

John J. Samson, Esq., AGWA–Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, BEAM *, and RYMER, Circuit Judges.

### MEMORANDUM **

Petitioner–Appellant Allan Parmelee's habeas petition challenges as vindictive his five-year sentence for Washington state convictions for felony stalking (four years) and a misdemeanor violation of a no-contact order (one year). Parmelee had been previously sentenced, by a different judge,

to a total of four years on the same felony stalking count (one year) and three misdemeanor counts of violating a no-contact order (one year each).

The Washington Court of Appeals rejected Parmelee's vindictiveness claim. *State v. Parmelee,* 121 Wash.App. 707, 90 P.3d 1092, 1094–95 (2004). The Washington Supreme Court denied review. Parmelee's federal habeas petition challenges his sentence as the sole grounds for relief, arguing that the Washington Court of Appeals decision was an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1) (1996). The district court denied Parmelee's habeas petition. We affirm.[1]

A district court's decision to grant or deny a habeas petition pursuant to 28 U.S.C. § 2254 is reviewed de novo. *Benitez v. Garcia,* 449 F.3d 971, 974 (9th Cir. 2006). Habeas petitions brought pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") require the petitioner to demonstrate that the state court's decision on the merits was contrary to, or involved an unreasonable application of, clearly established federal law under United States Supreme Court precedent. *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). An "unreasonable application" of Supreme Court precedent by the state court must be more than simply incorrect. *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Rather, "even if the federal habeas court concludes that the state court decision applied

---

\* The Honorable Arlen C. Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We affirm the denial of Parmelee's petition on the merits. We do not reach whether his habeas petition has been rendered moot because the record is not sufficient to allow us to determine whether he has served his full sentence.

clearly established law incorrectly, relief is only appropriate if that application is also objectively unreasonable." *Penry v. Johnson,* 532 U.S. 782, 793, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001).

■ Although a presumption of vindictiveness sometimes attaches where a defendant challenges a sentence on appeal and a more severe sentence is imposed on remand, that presumption does not attach *every* time the second sentence is more severe. *Alabama v. Smith,* 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The presumption only applies where there is a " 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.,* 490 U.S. at 799, 109 S.Ct. 2201 (internal citation omitted). If the presumption applies, it may be rebutted by "objective information ... justifying the increased sentence." *Texas v. McCullough,* 475 U.S. 134, 142, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986).

There is no clearly established Supreme Court precedent that gives rise to a presumption of vindictiveness when a different judge imposes the second, more severe, sentence. To the contrary, the Court reasoned in *McCullough* that, "[t]he presumption is also inapplicable because different sentencers assessed the varying sentences that [defendant] received. In such circumstances, a sentence 'increase' cannot truly be said to have taken place." 475 U.S. at 140, 106 S.Ct. 976. *See also Colten v. Kentucky,* 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) ("It may often be said that the [second sentencer] will impose a sentence more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a[new] trial than the [first sentencer] imposed a lenient penalty."); *United States v. Newman,* 6 F.3d 623, 631 (9th Cir.1993) ("Here, a different judge imposed a wholly logical sen-

tence.... Accordingly, [defendant's] assertion of vindictiveness fails."). Because a different judge imposed Parmelee's sentence on remand, no presumption of vindictiveness attaches.

■ Even if Parmelee's case warranted a presumption of vindictiveness—and it does not—the record fails to establish actual vindictiveness by the sentencing judge. The sentencing judge stated numerous objective and non-vindictive reasons for the sentence he imposed, reasons amply supported by the record evidencing the egregious nature of Parmelee's offense. The bare fact that Parmelee received a harsher sentence the second time around does not prove actual vindictiveness. *McCullough,* 475 U.S. at 140, 106 S.Ct. 976 ("Here, the second sentencer provide[d] an on-the-record, wholly logical, nonvindictive reason for the sentence. We read *Pearce* to require no more particularly since trial judges must be accorded broad discretion in sentencing.").

The district court's denial of Parmelee's habeas petition is **AFFIRMED.**