IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35295-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN JACOB STORMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This appeal requires us to address the prerogatives of the trial court

when resentencing an offender on directions from the Court of Appeals when an error

occurred in the initial sentence.  We hold that the trial court did not engage in

vindictiveness when resentencing appellant Bryan Storms and that Storms' sentencing

counsel did not engage in ineffective assistance of counsel when advocating during

resentencing.  Therefore, we affirm the sentence imposed by the trial court during

remand.

FACTS

On February 10, 2013, Bryan Storms sped from a pursuing police officer.  *State v.*

*Storms*, No. 32653-5-III (Wash. Ct. App. Jan. 31, 2017) (unpublished),

http://www.courts.wa.gov/opinions/pdf/326535_unp.pdf.  Storms ran through a stop sign

in his Honda Civic, smashed into a pickup truck, and sent the truck into the air before it

struck a telephone pole.  The driver of the pickup truck died at the scene.  Storms' two passengers, Ron Martel and Lynn Blumer, suffered injuries.  Storms fled the collision scene on foot.

## PROCEDURE

The State of Washington charged Bryan Storms with vehicular homicide, two counts of vehicular assault, failure to remain at the scene of an accident-fatality (hit and run) and third degree driving while license suspended.  Vehicular homicide, under RCW 46.61.520, constitutes a three alternative means crime.  The State alleged all three methods of violating the statute: the vehicular homicide occurred (1) while under the influence of intoxicating liquor or a drug, (2) while recklessly driving, or (3) while driving in disregard for the safety of others.

The seriousness level of the offense of vehicular homicide, for purposes of sentencing, depends on the means by which the offender committed the offense.  RCW 9.94A.515 ranks crimes in order of seriousness with the higher the Roman numeral assigned the more serious the offense.  The highest level is XVI.  The statute assigns the following seriousness levels to vehicular homicide:

> XI
> . . . .
> Vehicular Homicide, by being under the influence of intoxicating
> liquor or any drug (RCW 46.61.520)
> . . . .
> VIII
> . . . .

2

Vehicular Homicide, by the operation of any vehicle in a reckless manner (RCW 46.61.520)
VII
. . . .
Vehicular Homicide, by disregard for the safety of others (RCW 46.61.520)

Former RCW 9.94A.515 (2012). Note that driving while under the influence warrants the highest seriousness level for sentencing.

RCW 46.61.522 also classifies vehicular assaults into the same three means of driving while under the influence, driving recklessly, and driving with disregard for the safety of others. In turn, the seriousness of the offense, for purposes of sentencing, depends on which of the three methods by which the offender committed the crime.

IV
. . . .
Vehicular Assault, by being under the influence of intoxicating liquor or any drug, or by the operation or driving of a vehicle in a reckless manner (RCW 46.61.522)
. . . .
III
. . . .
Vehicular Assault, by the operation or driving of a vehicle with disregard for the safety of others (RCW 46.61.522).

Former RCW 9.94A.515. The State alleged that Bryan Storms committed each vehicular assault count in all three ways.

The State also alleged an aggravating factor for each charge based on Storms' multiple current offenses and a high offender score resulting from numerous earlier convictions. Storms suffered twenty-nine prior convictions. Finally, the State alleged the

aggravator that the victim in the second count of vehicular assault, Lynn Blumer, suffered injuries more substantial than required to establish the crime.

Before trial on the other charges, Bryan Storms pled guilty to driving while license suspended. The jury convicted Storms on all remaining charges. Jury interrogatories for the vehicular homicide count and the two vehicular assault counts indicated the jury's unanimous agreement that Storms committed each crime by all three methods alleged in the charging documents: driving while under the influence of intoxicants, driving in a reckless manner, and driving with disregard for the safety of others. The jury also found, in a special verdict, that Lynn Blumer's injuries for the second count of vehicular assault substantially exceeded the level of bodily harm necessary to establish the crime.

At the initial sentencing, the trial court ran the vehicular homicide and the two vehicular assault convictions consecutive to each other because the Sentencing Reform Act of 1981, chapter 9.94A RCW, deems each crime a violent crime. The trial court, however, ordered the hit and run conviction to run concurrent with the other offenses. The court found substantial and compelling reasons to impose an exceptional sentence upward of 448 months.

Bryan Storms appealed his convictions and sentence. He argued that the trial court should have suppressed as evidence the results of his blood draw and that insufficient evidence supported the basis for the exceptional sentence. On appeal, this court concluded that sufficient evidence supported the exceptional sentence but agreed

with Storms that the trial court should have suppressed the blood draw because exigent

circumstances did not excuse the requirement of obtaining a warrant. Therefore, while

this court ruled that sufficient evidence supported the alternative "reckless manner" and

"driving in disregard for the safety of others" prongs of vehicular homicide, this court

ruled that insufficient evidence supported the "under the influence of alcohol or any

drug" prong. Because the seriousness levels of convictions for vehicular homicide and

vehicular assault increase if one drives while intoxicated, this court remanded the case to

the trial court for resentencing on the other two prongs of the two crimes. Former RCW

9.94A.515. The vacation of the convictions based on driving while intoxicated reduced

Storms' standard range resentence for the vehicular homicide conviction from 210 to 280

months to 108 to 144 months.

Resentencing proceeded before the original sentencing court. At the resentencing

hearing, defense counsel noted:

> I think we can kind of cut to the chase here. Everything was
> affirmed in this case by the Court of Appeals except that the under the
> influence prong was stricken. You don't get to ask for the same sentence.
> They didn't say you can ask for additional time on your aggravators.
> . . . .
> So what I did I thought was just this is what the Court said. We have
> — we take the sentence that was before. We subtract the difference
> between the vehicular homicide under the influence and reckless driving,
> and there we have our sentencing range.
> If you look at the low end of the reckless driving prong, it's 144
> months. The 84 months on each of the vehicular assault charges, you get
> 312 months. If you use the low end of the sentencing range, 63 months for

each of the vehicular assault and 108 for the vehicular homicide reckless driving.

I think that's what the Court said. That's period. The Court said the aggravators are affirmed. The other issues were affirmed. The exceptional sentence was affirmed.

Report of Proceedings (RP) at 6-7.

During resentencing, Bryan Storms spoke to the sentencing court, during which allocution he took responsibility for his past actions, listed the changes in his behavior, and touted his ability to beneficially contribute to society if given the chance. Numerous family members spoke on Storms' behalf.

The resentencing court sentenced Bryan Storms to the high end of the range on each conviction, while finding substantial and compelling reasons to impose an exceptional sentence. Although the court, at the first sentencing, ran the hit and run conviction concurrent to the other convictions, on remand the court ran the conviction consecutive to the other counts, resulting in a total sentence of 432 months, or 36 years, instead of the original 448 months, or 37.33 years. The sentencing court commented:

So the Court does stand on its earlier sentence. I lowered the sentence because the standard range is lower, but I do believe they should all run consecutive based on both of those aggravating factors.

RP at 15.

## LAW AND ANALYSIS

In this second appeal, Bryan Storms attacks his recent sentence on two grounds. First, his trial counsel performed ineffectively during the resentencing. Second, the trial

6

court acted vindictively during resentencing. We reject both arguments.

## Insufficiency of Trial Counsel Representation

On appeal, Bryan Storms argues his trial counsel performed ineffectively when failing to oppose the resentencing court's running of the sentence for the conviction for hit and run consecutively with his convictions for vehicular homicide and the vehicular assaults. He also relatedly contends that his trial counsel failed in his representation by omitting to reference, for the court, *In re Personal Restraint of Mulholland*, 161 Wn.2d 322, 166 P.3d 677 (2007) in order to inform the court of its ability to exercise discretion in imposing an exceptional downward sentence. To review Storms' claims of ineffective assistance of counsel, we must first review the relevant sentencing law.

Under RCW 9.94A.535(2) the sentencing court may impose an exceptional sentence upward, even without a jury finding, under certain listed circumstances, including an offender score above the grid, such as the score of Bryan Storms. That subsection reads:

> Aggravating Circumstances—Considered and Imposed by the Court
> The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
> . . . .
> (c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

7

Under RCW 9.94A.535 the sentencing court may impose an exceptional sentence upward, with a jury finding, under certain listed circumstances, including excessive injury to a victim. That statutory provision declares:

> (3) Aggravating Circumstances—Considered by a Jury—Imposed by the Court
> Except for circumstances listed in subsection (2) of this section, the following circumstances are an exclusive list of factors that can support a sentence above the standard range. Such facts should be determined by procedures specified in RCW 9.94A.537.
> . . . .
> (y) The victim's injuries substantially exceed the level of bodily harm necessary to satisfy the elements of the offense. This aggravator is not an exception to RCW 9.94A.530(2).

RCW 9.94A.589, a section of the Sentencing Reform Act, addresses consecutive and concurrent sentences when the sentencing court sentences the offender to more than one conviction.

> Consecutive or concurrent sentences.
> (1)(a) Except as provided in (b), (c), or (d) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score. . . .
> . . . .
> (b) Whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct, the standard sentence range for the offense with the highest seriousness level under RCW 9.94A.515 shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the standard sentence range for other serious violent offenses shall be determined by using an offender score of zero. The standard sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. All

sentences imposed under this subsection (1)(b) shall be served
consecutively to each other and concurrently with sentences imposed under
(a) of this subsection.

Bryan Storms first contends that trial counsel was ineffective in not opposing the

trial court's act of running the hit and run conviction sentence consecutive to the sentence

on the other convictions. Remember that the sentencing court ran the hit and run

sentence concurrent with the vehicular homicide and vehicular assault convictions during

the initial sentencing, but then changed its mind on resentencing.

We disagree that trial counsel failed to argue that the hit and run sentence should

continue to run concurrent with the other convictions. Counsel told the resentencing

court to take the same sentence as initially meted and subtract the difference between the

vehicular homicide seriousness level for the under the influence prong from the reckless

driving prong. Although counsel did not expressly tell the court to run the hit and run

sentence concurrently, counsel strongly implied such with her comments. The trial court

knew that Bryan Storms wanted a concurrent sentence. The trial court obviously knew it

could impose a concurrent sentence because it did so before and this appellate court never

reversed that part of the sentencing.

Bryan Storms next argues that trial counsel at resentencing performed

ineffectively when failing to inform the sentencing court that it held discretion to

consider imposing concurrent sentences. In making this argument, Storms relies on *In re*

*Personal Restraint of Mulholland*, 161 Wn.2d 322 (2007). In *Mulholland*, the jury

convicted Daniel Mulholland of six counts of first degree assault and one count of drive-by shooting, all "serious violent offenses" under RCW 9.94A.589(1)(b). The statutory subsection states that sentences for multiple serious violent offenses shall be served consecutively. The sentencing court concluded it lacked discretion to run any of the sentences concurrently and so the court ran all of the sentences on the convictions consecutively. The state high court held the trial court committed error when refusing to consider running serious violent offenses sentences concurrently as an exceptional sentence if it found mitigating factors justify such a downward sentence.

This appeal differs from *In re Personal Restraint of Mulholland*. Most notably, Bryan Storms' hit and run charge is not a serious violent offense. Storms' vehicular homicide and vehicular assault charges are violent offenses. RCW 9.94A.030(55)(xiii), (xiv). Hit and run, death resulting, is a nonviolent offense. RCW 9.94A.030(34). Whereas in *Mulholland*, the statutory presumption ran charges consecutively, here, the statutory presumption runs violent and nonviolent offenses concurrently. RCW 9.94A.589(1)(a) provides in part, "[s]entences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535." Thus, counsel did not need to rely on *Mulholland* to advise the court that it had discretion to impose a concurrent sentence because the statute already dictated such a result. Furthermore, the sentencing judge originally ordered the hit and run count four to run concurrently which shows the court

was aware of its ability to impose such a sentence. On remand, the court simply chose not to do so. Counsel cannot be faulted for this change.

The Sixth Amendment to the United States Constitution guarantees an accused the right to legal counsel in criminal trials. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Washington's Constitution also grants an accused in a criminal prosecution the right to appear by counsel. WASH. CONST. art. I, § 22. To meaningfully protect an accused's right to counsel, an accused is entitled to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. at 686.

To establish ineffective assistance of counsel on resentencing, Storms must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him. *State v. Calhoun*, 163 Wn. App. 153, 168, 257 P.3d 693 (2011); *Strickland v. Washington*, 466 U.S. at 687. Deficient performance is performance falling below an objective standard of reasonableness based on consideration of all the circumstances. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Reasonable conduct for an attorney includes carrying out the duty to research the relevant law. *Strickland v. Washington*, 466 U.S. at 690-91. Prejudice occurs when, but for counsel's deficient performance, there is a reasonable probability that the sentence would have differed. *State v. Calhoun*, 163 Wn. App. at 168. An accused's failure to establish either prong defeats an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. at 687.

We conclude that Bryan Storms' trial counsel did not perform ineffectively. We also conclude that the trial court's decision would not have changed had counsel taken the steps suggested by Storms. Therefore, Storms shows no prejudice.

Bryan Storms also states the trial court's sentencing violated the provisions of RCW 9.94A.589. Storms fails to explain, however, how the court ran afoul of the statute. As noted above, the statute provides that multiple sentences for violent and nonviolent offenses are to be served concurrently unless the sentence is an exceptional one pursuant to RCW 9.94A.535. RCW 9.94A.589(1)(a). In this case, the State of Washington alleged multiple aggravating factors that support an exceptional sentence. The sentencing court relied on the presence of those factors when rendering its resentencing decision. The court declared: "I do believe they should all run consecutive based on both of those aggravating factors." RP at 15. Thus, the court used RCW 9.94A.535 to impose an exceptional sentence as RCW 9.94A.589 acknowledges.

## Vindictiveness

Bryan Storms next argues that the trial court engaged in vindictiveness when resentencing him. According to Storms, the change by the resentencing court of the concurrent to consecutive sentence deprived him of the reduction of the standard range imprisonment term for his vehicular homicide sentence and thereby robbed him of the benefit of his successful appeal. Because the aggregate resentence fell lower than the original sentence, we disagree.

When the same trial judge presides over two or more trials and the last sentence is more severe than the earlier one, a rebuttable presumption of trial court vindictiveness applies. *State v. Ameline*, 118 Wn. App. 128, 133, 75 P.3d 589 (2003). The due process clause of the Fourteenth Amendment prohibits a judge from vindictively imposing an increased sentence to punish a defendant for successfully exercising his constitutional right to appeal. *State v. Ameline*, 118 Wn. App. at 132-33. Thus, the presumption guards against vindictiveness in the resentencing process. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); *Chaffin v. Stynchcombe*, 412 U.S. 17, 25, 93 S. Ct. 1977, 36 L. Ed. 2d 714 (1973). Application of the presumption is limited to circumstances when there is a reasonable likelihood that an unexplained increase in sentencing is the product of actual vindictiveness on the part of the sentencing authority. *Alabama v. Smith*, 490 U.S. at 799. When no such reasonable likelihood exists, a defendant has the burden of proving actual vindictiveness without aid of the presumption. *Alabama v. Smith*, 490 U.S. at 799-800.

We deem *State v. Larson*, 56 Wn. App. 323, 324, 783 P.2d 1093 (1989) controlling. A jury convicted Lawrence Larson of first degree murder, second degree rape, and first degree arson. The court sentenced Larson to consecutive sentences of 281 months for the murder, 41 months for the rape, and 41 months for the arson, all within the standard range for the crimes. The total aggregate sentence was 363 months, or thirty years and three months. The court, however, made the sentence exceptional by ordering

13

the sentences to be served consecutively. The sentencing court failed to enter findings to support an exceptional sentence so the appellate court remanded for resentencing.

On remand, in *State v. Larson*, the trial court stated that it originally intended to sentence Larson to a thirty-year sentence and that the consecutive sentences achieved that end. Ultimately, the court resentenced Larson to 360 months for the murder with the other two charges concurrent for an aggregate sentence of 360 months or thirty years. Lawrence Larson appealed again and argued that the trial court wrought vindictiveness when the court increased his murder sentence from 281 months to 360 months. This court rejected the argument on two grounds. First, Larson was not entitled to the presumption of vindictiveness because, even though the court increased the murder sentence, Laron's revised aggregate sentence was less severe than the original sentence. Second, the trial court explained the increase in the murder sentence when annunciating its original sentencing intent. This court cited numerous federal decisions for the proposition that the presumption of trial court vindictiveness never arises when the aggregate period of incarceration remains the same or is reduced on remand. *See United States v. Cochran*, 883 F.2d 1012 (11th Cir. 1989); *United States v. Pimienta-Redondo*, 874 F.2d 9 (1st Cir. 1989); *United States v. Gray*, 852 F.2d 136 (4th Cir. 1988); *United States v. Bentley*, 850 F.2d 327 (7th Cir. 1988); *United States v. Diaz*, 834 F.2d 287 (2d Cir. 1987); *United States v. Cataldo*, 832 F.2d 869 (5th Cir. 1987); *United States v. Hagler*, 709 F.2d 578 (9th Cir. 1983).

Bryan Storms' original sentence was 448 months' confinement. Storms' sentence on resentencing is 432 months. Since the revised sentence is lower than the first, the presumption of trial court vindictiveness does not apply. Storms does not point to any other indicia of vindictiveness.

## CONCLUSION

We affirm the trial court's resentencing of Bryan Storms.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, C.J.

15