IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

               Respondent,

        v.

JOHN MARSHALL BRIGGS,

               Appellant.

No. 83278-6-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Briggs argues that the trial court exceeded its statutory authority at his resentencing when it imposed a new, full five-year no-contact order (NCO), without giving him "credit" for the time that had elapsed under the NCO entered with the original sentence. Briggs additionally argues that this failure violated his due process, double jeopardy, and equal protection rights, and arose because of the ineffective assistance of his counsel. Briggs finally claims that his two judgments and sentences were ambiguous. We affirm Briggs's convictions and remand only for the trial court to clarify that all three of his convictions run concurrently.

## I.    FACTS

Briggs was found guilty of a felony violation of a court order (count I) and two attempted gross misdemeanor violations of a court order (counts II and III). In

Citations and pin cites are based on the Westlaw online version of the cited material.

March 2020, the trial court sentenced Briggs under a drug offender sentencing alternative (DOSA) and imposed 30 months of confinement and 30 months of community custody for the felony conviction. For each of the gross misdemeanor convictions, the trial court sentenced Briggs to 364 days, set to run concurrently with count I. As a condition of his conviction, the trial court also imposed a five-year post-conviction domestic violence NCO, which would expire in March 2025.

Briggs successfully appealed his convictions due to a defective charging document and we reversed. State v. Briggs, 18 Wn. App. 2d 544, 492 P.3d 218 (2021).

After his second trial, Briggs was convicted of the same charges. In October 2021, the trial court sentenced Briggs to 60 months confinement on count I and 364 days on count II and III, with credit for confinement time served. The trial court issued two judgment and sentence documents: one for count I and another for counts II and III, both under the same cause number. On the judgment and sentence for counts II and III, the court checked the box noting that "[t]erms on each count to run concurrently[.]"[1] The court again imposed a five-year post-conviction NCO, which would expire in October 2026.

Briggs appeals.

---

[1] The felony judgment and sentence was referenced only in a handwritten note alongside Section 4.3 "Legal Financial Obligations" where the court noted, "see felony J+S[.]"

## II.   ANALYSIS

### A.  Post-Conviction No-Contact Order

#### i.   Exceeds Maximum Sentence Allowed by Statute

Briggs argues that the trial court erred in imposing the second post-conviction NCO in October 2021.  We disagree.

The Sentencing Reform Act permits trial courts to impose "crime-related prohibitions" such as no-contact orders when sentencing defendants.  State v. Armendariz, 160 Wn.2d 106, 120, 156 P.3d 201 (2007).  RCW 10.99.050 sets limitations on that authority, providing that where a court, as a "condition" of a felony sentence, restricts a defendant's contact with a victim, the resulting order may not exceed the defendant's maximum sentence.  RCW 10.99.050(1), .050(2)(d).  We review sentencing conditions for an abuse of discretion.  State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008).

Briggs does not dispute that the trial court had the authority to impose a five-year NCO where he was sentenced the statutory maximum sentence.  But he claims that the October 2021 NCO was in excess of the statutory maximum because "[t]he duration of a post-conviction no-contact order starts to run from the date of the original sentencing, not the date of the second sentencing."  According to Briggs, the October 2021 "resetting" of the NCO's start date, without providing

credit for the time that the original NCO was in effect, extended the NCO beyond five years.

Briggs, however, does not provide any legal authority for his claim that the duration of the NCO in 2021 was limited to five years from the previously issued NCO in 2020. Where a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none. State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) (citing State v. Arredondo, 188 Wn.2d 244, 262, 394 P.3d 348 (2017)).

Briggs cites only to State v. Granath, 190 Wn.2d 548, 554-55, 415 P.3d 1179 (2018) for the general position that an NCO cannot last longer than the sentence imposed by the court. However, Granath is silent as to whether a court must give credit for any previous time served under an NCO.

Moreover, unlike RCW 9.94A.505(6), which provides a statutory basis for providing a defendant with credit for time served in confinement prior to sentencing, there is no comparable provision in the no-contact order statute RCW 10.99.050.

As the trial court did not impose an NCO longer than five years from the date of the effective[2] sentencing, and otherwise did not abuse its discretion, the

---

[2] As a result of Briggs's successful appeal his prior sentence was vacated and his convictions "dissolv[ed]." State v. Haggard, 195 Wn.2d 544, 560, 461 P.3d 1159 (2020) (citing In re Pers. Restraint of Skylstad, 160 Wn.2d 944, 954,

4

court did not exceed its statutory authority by starting the NCO on the date of resentencing.

ii.    Due Process Violation

Briggs next contends that the expiration date of his October 2021 NCO violates his due process rights because he was penalized with a more severe sentence after a successful appeal.

A trial court violates a defendant's due process rights when it penalizes the defendant for successfully pursuing an appeal or collateral remedy. State v. Brown, 193 Wn.2d 280, 288, 440 P.3d 962 (2019) (quoting North Carolina v. Pearce, 395 U.S. 711, 724, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)). A defendant is entitled to a rebuttable presumption of judicial vindictiveness when, after a successful appeal, a trial court imposes a more severe sentence without explanation. State v. Parmelee, 121 Wn. App. 707, 708-709, 90 P.3d 1092 (2004).

There is no presumption of judicial vindictiveness in Briggs's sentencing after his second trial because the trial court did not impose a "more severe sentence." The court imposed an identical five-year NCO sentencing condition upon Briggs's second conviction. There was no due process violation.

---

162 P.3d 413 (2007)).

### iii. Double Jeopardy Violation

Briggs suggests that his second NCO was a violation of double jeopardy because the duration of the NCO did not "account [for] the sentence that [he] served prior to the second sentencing."

Both the federal and state constitutions protect defendants from being punished multiple times for the same offense. U.S. CONST. amend. V; WASH. CONST. art. 1, § 9. Double jeopardy protections ensure that those convicted of crimes must be credited for time served in confinement prior to sentencing. Reanier v. Smith, 83 Wn.2d 342, 346, 517 P.2d 949 (1974). The legislature created a statutory basis for this constitutional protection in RCW 9.94A.505(6) which requires a sentencing court to "give [an] offender credit for all confinement time served before the sentencing[.]"[3]

While these constitutional and statutory bases for credit for time served apply to "confinement," they do not necessarily extend to a defendant's sentencing conditions. Instead, we apply a two-part test to determine whether government action is "sufficiently punitive" to trigger double jeopardy protections. State v. Medina, 180 Wn.2d 282, 293, 324 P.3d 682 (2014). We first ask whether the government intends the action to be punitive, and if not, where the effect is so

---

[3] The full statute reads: "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced."

punitive as to override the nonpunitive intent. Id. (citing Harris v. Charles, 171 Wn.2d 455, 467, 256 P.3d 328 (2011)). A petitioner bears the burden to prove the action is punitive. Id. at 294. "An action is not punitive simply because the defendant sees it as so; rather, a defendant must present clear proof that a sanction not labeled as punitive is nonetheless so punitive as to violate the prohibition against multiple penalties and therefore subject the defendant to double jeopardy." State v. McCarter, 173 Wn. App. 912, 918, 295 P.3d 1210 (2013).

Washington courts have previously held that many sentencing conditions are not punitive and do not violate double jeopardy. For example, in Medina, we concluded that a petitioner was not entitled to credit for time served in a supervised alternative community program. 180 Wn.2d at 293-94. In Harris, the petitioner was not entitled to credit for time spent on electronic home monitoring. 171 Wn.2d at 469-73. We have also concluded that other sentencing conditions are simply not punitive in nature. State v. Boyd, 1 Wn. App. 2d 501, 513, 408 P.3d 362 (2017) (weekly, in person check-in requirements); McCarter, 173 Wn. App. at 924 (warrant fees).

In a similar case, In re Arseneau, 98 Wn. App. 368, 989 P.2d 1197 (1999), the trial court prohibited the petitioner from having any contact with his step-daughter for a period of 10 years. Id. at 370. Later, the Department of Corrections (DOC) imposed a prohibition preventing Arsenau from corresponding with his

niece. Id. Arseneau challenged the DOC no-contact prohibition, arguing that it presented a double jeopardy issue by "enhanc[ing] the punishment for his original crime." Id. at 379. We concluded that the no-contact prohibition was not punitive: "[N]o-contact provisions have not traditionally been considered punishment. They are civil in nature and designed to protect third parties." Id. at 379-80.

Briggs fails to meet his burden to show with "clear proof" that the NCO, unlike his confinement, was punitive and thus triggered his constitutional double jeopardy protections. His NCO is similar to the DOC no-contact prohibition in Arseneau, which we concluded was not intended to be punitive for the offender, but designed to protect victims.

Finally, again Briggs provides no statutory authority, unlike RCW 9.94A.505(6), that he is entitled to credit for the duration of time he was under the 2020 NCO. That Briggs may be prohibited, as a result of two separate NCOs, for some period over five years from contacting his victim does not subject him to double jeopardy.

### iv. Equal Protection Violation

Briggs asserts that the second NCO also violated his equal protection rights because he will be subjected to a longer duration under an NCO than another offender who does not appeal or loses their appeal.

The equal protection clause requires similarly situated individuals to receive similar treatment under the law. U.S. CONST. amend. XIV § 1; WASH. CONST. art. 1, § 12. Equal protection prohibits governmental classifications that discriminate between groups of similarly situated individuals. In re Pers. Restraint Petition of Silas, 135 Wn. App. 564, 570, 145 P.3d 1219 (2006). But while equal protection "provides equal application of the law" it does not ensure "complete equality among individuals or classes of individuals." Harris, 171 Wn.2d at 462 (citing State v. Simmons, 152 Wn.2d 450, 458, 98 P.3d 789 (2004)).

Briggs cannot show that there is any discriminatory government classification here, or that government applied RCW 10.99.050 differently to his case than any other defendant, whether they are subjected to one NCO or multiple NCOs as a result of a successful appeal and subsequent resentencing. Equal protection does not entitle Briggs to "complete equity" with those who were not resentenced or lost an appeal and were not subjected to multiple NCOs.

v.    Ineffective Assistance of Counsel

Briggs next claims that he received ineffective assistance of counsel because his defense counsel did not object to the expiration date in the NCO.

To succeed on an effective assistance of counsel claim, an appellant must prove that his counsel's performance was both deficient and prejudicial. State v. Estes, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017) (applying Strickland v.

Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The failure to prove either prong ends our review. State v. Brown, 159 Wn. App. 366, 371, 245 P.3d 776 (2011).

As Briggs has failed to show that there was any error in the trial court imposing the 2021 NCO, he cannot show that his counsel was deficient or rendered him ineffective assistance during his sentencing hearing.

B. Ambiguity in Judgment and Sentence

    i.    Ambiguity as To Expiration Date of The Post-Conviction No-Contact Order

Briggs asks us to remand his judgments and sentences because the felony or gross misdemeanor documents do not specify the length of the NCO or when it expires and he is "left to guess" about the expiration date.

A defendant's judgment and sentence must be "definite and certain." State v. Mitchell, 114 Wn. App. 713, 716, 59 P.3d 717 (2002) (citing State v. Jones, 93 Wn. App. 14, 17, 968 P.2d 2 (1998)). Where a sentence is "insufficiently specific" about a sentencing condition, remand is proper to ensure the judgment and sentence states the correct period of time. State v. Broadaway, 133 Wn.2d 118, 136, 942 P.2d 363 (1997) (referring to a community custody placement provision). We review de novo the sufficiency of sentencing conditions. Jones, 93 Wn. App. at 18.

10

In both of Briggs's 2021 judgments and sentences, the trial court noted that Briggs was ordered not to contact his victim, but did not write in a date of expiration. But in both documents the trial court noted right below the no contact provision that "[a] separate post-conviction Domestic Violence No Contact Order . . . was filed at the time of entry of the [verdict] [and] is filed contemporaneously with this Judgment and Sentence."  As a result of this no contact condition in the judgment and sentence, the court was required to record the condition and provide a written certified copy of the order to the victim.  RCW 10.99.050(1).  The trial court issued the NCO, which stated that it expired in "[f]ive years from today if no date is entered."  No date was entered by the trial court.

In the two main cases Briggs cites, Broadaway and Jones, the defendants' sentencing documents noted that they were ordered for community placement for "the period of time provided by law" and the "maximum period of time authorized by law."  Broadaway, 133 Wn.2d at 135; Jones, 93 Wn. App. at 18.  In Broadaway, the state Supreme Court concluded that the sentence was insufficient because the trial court was required by statute to impose a one-year term of community placement.[4]  Broadaway, 133 Wn.2d at 135.  In Jones, we concluded this sentence

---

[4] In that case the trial court also incorrectly stated that two years of community placement was required by law.  Broadaway, 133 Wn.2d at 135.

was insufficient because the trial court was not limited to the two-year statutory terms of community placement. Jones, 93 Wn. App. at 19.

Briggs's case is distinct from Broadaway and Jones because the trial court left no ambiguity as to when Briggs's NCO ended. The judgment and sentencing documents referred to the contemporaneously filed NCO and the NCO plainly indicated that it expired in five years from the date of entry since no alternative date was entered. Briggs was not "left to guess" the expiration date of the NCO.

    ii.    <u>Ambiguity as To Whether the Felony Runs Concurrently with Two Gross Misdemeanor Convictions</u>

Briggs last claims that his judgments and sentences were unclear as to whether his felony convictions run concurrently with the two gross misdemeanor convictions. We agree with Briggs.

On the judgment and sentence for count I, the trial court did not indicate whether sentence ran concurrently with Briggs's other convictions. On the judgment and sentence for counts II and III, the court checked the box noting that "[t]erms on each count run concurrently[.]" Count I was not mentioned in this judgment and sentence, and in the section asking for the "[a]ctual term of total confinement ordered" was filled in as "364 days," the length of confinement ordered

12

for both counts II and III.[5]  At Briggs's sentencing hearing, the court explained that "[a]ll counts [are] to run concurrent to each other."

Briggs's judgments and sentences could reasonably be interpreted to mean that only the two gross misdemeanor convictions run concurrently with each other for a term of 364 days, and consecutively with, the 60-month term of the felony conviction.  However, it is clear from the record that the trial court ordered that all three counts to run concurrently with each other.  Remand is appropriate simply to correct Briggs's sentence to reflect the court's oral ruling that all three terms run concurrently.  See State v. Iniguez, 143 Wn. App. 845, 860, 180 P.3d 855 (2008), rev'd on other grounds, 167 Wn.2d 273, 217 P.3d 768 (2009).

### III.    CONCLUSION

We affirm Briggs's convictions and remand to the trial court to correct the aforementioned ambiguity in his judgments and sentences.

Díaz, J.

WE CONCUR:

Coburn, J.                    Smith, A.C.J.

_____

[5] The felony judgment and sentence was referenced only in a handwritten note alongside Section 4.3 "Legal Financial Obligations" where the court wrote "see felony J+S[.]"